23 P.3d 138

**Douglas G. BROWN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 27014.

Supreme Court of Idaho.

April 30, 2001.

Ronaldo A. Coulter, State Appellate Public Defender; Molly J. Huskey, Deputy State Appellate Public Defender, Boise, for appellant. Molly J. Huskey argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger, II, Deputy Attorney General, for respondent. T. Paul Krueger argued.

EISMANN, Justice.

Douglas G. Brown appeals from orders of the district court denying his motion for court-appointed counsel and dismissing his petition for post-conviction relief. We vacate the orders and remand for further proceedings.

## I.

## FACTS AND PROCEDURAL HISTORY

Brown was sentenced to prison after pleading guilty to sexual battery of a child under the age of sixteen years. He appealed, and the Idaho Court of Appeals affirmed his conviction and sentence in an unpublished opinion. On July 3, 1997, Brown timely filed a petition for post-conviction relief, accompanying his petition with a motion for waiver of fees, motion for appointment of counsel, and an affidavit alleging facts in support of his petition. The State filed an answer to the petition and simultaneously filed a motion for summary disposition. In its motion, the State simply cited Idaho Code § 19–4906(c)[1] as the basis for the dismissal without further notifying Brown of the basis for the motion.

The State's motion included a notice setting it for hearing on August 22, 1997. Brown responded to the State's motion by filing a second request for appointment of counsel and by filing a written response in which he argued that the State's motion could not be granted because the State had failed to submit any affidavit, deposition, or other verified information controverting his allegations.

On August 22, 1997, the district court heard the pending motions without Brown being present or represented by counsel. At the conclusion of the hearing, the district court granted Brown's motion for waiver of fees, denied his request for appointment of counsel, and granted the State's motion to dismiss. The district court granted the State's motion to dismiss on the ground that the petition did not allege sufficient facts that would entitle Brown to any relief. The order of dismissal was filed on September 23, 1997.

On August 13, 1998, Brown again filed a motion seeking appointment of counsel and a motion for change of venue. Eight days later he filed a supporting affidavit in which he stated that he had not received the order of dismissal until August 12, 1998, almost one year after it was entered. On October 5, 1998, the district court entered an order denying Brown's motions for appointment of counsel and change of venue. The district court gave Brown twenty-one days to further supplement the record regarding his allegation that the order of dismissal had not been mailed to him timely.

Although Brown did not submit any additional information, the district court concluded, based upon the court records, that the order of dismissal had not been mailed to Brown until approximately one year after it was entered. On December 17, 1998, the district court set aside the dismissal filed on September 23, 1997, and entered a new order dismissing Brown's petition for post-conviction relief. Brown filed a notice of appeal, and the district court appointed him counsel on appeal.

---

1. Idaho Code § 19–4906(c) states as follows:
The Court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Brown's appeal was initially heard by the Court of Appeals. It issued a decision holding that the appointment of counsel in post-conviction proceedings is governed by two statutes, Idaho Code §§ 19–4904 and 19–852; that when those two statutes are read together, counsel must be appointed unless all the claims alleged in the petition for post-conviction relief are frivolous; that a *pro se* petition for post-conviction relief is not frivolous unless it appears beyond doubt that the petitioner could prove no set of facts in support of his claim that would entitle him to relief; that under such standard Brown's petition was not frivolous; and that the district court therefore erred in not appointing him counsel. The Court of Appeals reversed the district court's order denying Brown's motion for appointment of counsel, vacated the dismissal of his petition for post-conviction relief, and remanded the case for further proceedings. We granted the State's petition for review.

## II.

### STANDARD OF REVIEW

■ In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decisions of the trial court. *Humberger v. Humberger*, 134 Idaho 39, 995 P.2d 809 (2000). This Court will not set aside the trial court's findings of fact unless they are clearly erroneous. *Id.* As to questions of law, this Court exercises free review. *Id.*

## III.

### ANALYSIS

■ Brown's request for appointment of counsel to represent him in his post-conviction proceeding is governed by two statutes. Idaho Code § 19–4904 provides that in proceedings under the Uniform Post–Conviction Procedure Act (UPCPA), a court-appointed attorney "may be made available" to the

applicant who is unable to afford counsel. Idaho Code § 19–852 also applies to proceedings under the UPCPA. *Quinlivan v. State*, 94 Idaho 334, 487 P.2d 928 (1971). That statute provides that a needy person convicted of a serious crime is entitled to be represented in any "post-conviction ... proceeding that ... the needy person considers appropriate" unless the court determines that the proceeding is frivolous. Construing these statutes together, Brown was entitled to court-appointed counsel unless the district court determined that his petition for post-conviction relief was frivolous.

■ At the hearing on August 22, 1997, the district court orally denied Brown's request for court-appointed counsel. The district court did not give a reason for the denial, but merely stated, "I will deny, however, the petitioner's motion for the appointment of an attorney in this matter." In its order entered on October 5, 1998, the district court again denied Brown's request for court-appointed counsel, explaining such denial as follows:

> In regards to Brown's Motion for Appointment of Counsel, I.C. § 19–4904 does not mandate the appointment of counsel in post-conviction relief proceedings, it states:
>
> **Inability to pay costs.**—If the applicant is unable to pay court costs and expenses of representation, including stenographic, printing, witness fees and expenses, and legal services, these costs and expenses, and *a court-appointed attorney may* be made available to the applicant in the preparation of the application, in the trial court, and on appeal, and paid, on order of the district court, by the county in which the application is filed. (Emphasis added by the district court)
>
> There is no constitutional right to an attorney in state post-conviction proceedings. *Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590 (Ct.App.1995). As amended I.C. § 19–4904 no longer mandates appointment of counsel. *Id.*[2]

2. When initially enacted in 1967, Idaho Code § 19–4904 provided that a court-appointed attorney "shall" be made available to an applicant for

post-conviction relief who was unable to pay the costs of representation. Act approved Feb. 18, 1967, ch. 25, § 4, 1967 Idaho Sess. Laws 42, 44.

When denying Brown's request for court-appointed counsel, the district court did not mention Idaho Code § 19–852, nor did it find that Brown's petition for post-conviction relief was frivolous. By not applying the standard mandated by Idaho Code § 19–852, the district court abused its discretion. *Miller v. Haller,* 129 Idaho 345, 924 P.2d 607 (1996); *Robertson v. Richards,* 115 Idaho 628, 769 P.2d 505 (1989). Therefore, the orders denying Brown's motions for court-appointed counsel must be vacated. We also vacate the dismissal of Brown's petition for post-conviction relief because if, on remand, the district court decides to appoint counsel for Brown, that counsel may file an amended petition and/or an affidavit alleging facts sufficient to avoid summary dismissal.

As stated above, a needy applicant for post-conviction relief is entitled to court-appointed counsel unless the trial court determines that the post-conviction proceeding is frivolous. Idaho Code § 19–852(b)(3) sets forth the standard for determining whether or not a post-conviction proceeding is frivolous. It is frivolous if it is "not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense." When applying that standard to *pro se* applications for appointment of counsel, the trial court should keep in mind that petitions and affidavits filed by a *pro se* petitioner will often be conclusory and incomplete. Although facts sufficient to state a claim may not be alleged because they do not exist, they also may not be alleged because the *pro se* petitioner simply does not know what are the essential elements of a claim.

It is essential that the petitioner be given adequate notice of the claimed defects so he has an opportunity to respond and to give the trial court an adequate basis for deciding the need for counsel based upon the merits of the claims. If the court decides that the claims in the petition are frivolous, the court should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if

they exist. Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, he should be provided with a meaningful opportunity to supplement the record and to renew his request for court-appointed counsel prior to the dismissal of his petition where, as here, he has alleged facts supporting some elements of a valid claim.

In this case, Brown filed his petition for post-conviction relief and motion for appointment of counsel on July 3, 1997. In his petition, Brown attempted to allege a claim of ineffective assistance of counsel. Most of those allegations were patently frivolous. For example, Brown alleged that his counsel "did not object to State manufactured video tape shown to the jury." There was no jury trial. Brown pled guilty prior to the trial. However, in his supporting affidavit Brown also attempted to allege a violation of his *Miranda* rights. He stated:

Upon my arrival at the Sheriff's Department, at the request of two (2) plain clothes police officers, I was interrogated regard—knowledge to certain alleged crimes;

That neither before, during nor after said interrogation had commenced, had said police officers advised the Petitioner of the fact that he had certain rights due him, more commonly known as the "Miranda Warnings";

That on at least three (3) occasions during the period of interrogation, the Petitioner made specific requests to call his attorney for consultation purposes, before continuing questioning;

That on all three occasions, the Petitioner's request [sic] were ignored and or denied by law enforcement officers;

That the Petitioner was never allowed to call his attorney.

The facts alleged do not show that Brown was in custody for the purposes of *Miranda,* nor do they show that he made any incriminating statements, or that such statements, if made, affected his decision to plead guilty. Brown's statements of fact at least raised the

In 1993 the statute was amended to change the "shall" to "may." Act approved March 29, 1993, ch. 265, § 2, 1993 Idaho Sess. Laws 898.

suspicion, however, of a possible *Miranda* violation.

■ On July 29, 1997, the State filed its motion for summary disposition. That motion did not comply with Rule 7(b)(1) of the Idaho Rules of Civil Procedure,[3] which requires that motions "state with particularity the grounds therefore." The State did not state with particularity the grounds for the motion either in the motion or in an accompanying brief. It merely alleged that its motion was made "pursuant to Idaho Code, § 19–4906(c)." The district court delayed ruling upon Brown's motion for appointment of counsel until the hearing on the State's motion to dismiss, which was held on August 22, 1997. It then denied the motion for appointment of counsel and granted the State's motion to dismiss. Thus, prior to the dismissal, Mr. Brown was not informed that the factual allegations supporting his petition were not sufficient to state a claim for relief, nor was he informed of what necessary factual allegations were lacking.

## IV.

## CONCLUSION

Idaho Code § 19–4904 and § 19–852, construed together, provide that a petitioner for post-conviction relief who is unable to afford counsel is entitled to court-appointed counsel at public expense unless the trial court determines that the petition for post-conviction relief is frivolous. The district court denied Brown's request for counsel without referring to Idaho Code § 19–852 and without addressing whether or not Brown's petition was frivolous. We therefore vacate the orders denying Brown's motion for court-appointed counsel and the order dismissing his petition and remand this case for further proceedings consistent with this decision.

Chief Justice TROUT, Justices SCHROEDER, KIDWELL, and Justice Pro Tem HART, concur.

---

3. Proceedings under the UPCPA are special proceedings, civil in nature, to which most of the Idaho Rules of Civil Procedure apply. *McKinney*

*v. State*, 133 Idaho 695, 992 P.2d 144 (1999); I.C.R. 57(b).