**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39966**

| | | |
|---|---|---|
| **ADRIEL AYON NUNEZ,** | ) | **2013 Unpublished Opinion No. 788** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: December 12, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment denying appointment of counsel and dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Dennis Benjamin of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Adriel Ayon Nunez appeals from the district court's judgment denying his motion for appointment of counsel and dismissing his successive petition for post-conviction relief. Specifically, he contends the district court erred by denying his motion for appointment of counsel. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2003, Nunez was convicted of trafficking in methamphetamine. This Court affirmed his conviction. *State v. Nunez*, Docket No. 30114 (Ct. App. Oct. 19, 2004) (unpublished). Nunez filed a petition for post-conviction relief in July 2005, raising numerous issues. The district court summarily dismissed some of the claims and denied the remaining claims following an evidentiary hearing. Nunez appealed and this Court affirmed the denial of post-conviction relief. *Nunez v. State*, Docket No. 33224 (Ct. App. Jan. 4, 2008) (unpublished).

1

In August 2011, Nunez filed, pro se, a document entitled "A Verified Motion for Telephonic Hearing with Notice. In Re: U.N. Treaty Violations." Among other claims, the motion alleged the testing of the controlled substance in his underlying case was tainted by malfeasance at the state laboratory.[1] Nunez requested the appointment of counsel to act "in the limited capacity of Subpoenas' [sic] & Marshaling the Witnesses." The district court treated the motion as a successive post-conviction petition and appointed the Twin Falls County Public Defender as counsel. The court scheduled a pretrial conference for November 21 and an evidentiary hearing for December 19. The court subsequently entered a notice of intent to dismiss Nunez's petition, notifying Nunez that the majority of his claims were barred because he could have raised them below and they were not timely. In respect to Nunez's allegation regarding the state laboratory, the court found the claim was timely given the date of the discovery of the alleged laboratory improprieties, but nevertheless indicated it intended to dismiss the claim because Nunez "failed to allege facts to show that the lab's testing *in his case* was inaccurate."

Nunez filed a motion making several assertions, including objecting to the appointment of counsel in any capacity other than what he "expressly defined" in relation to his initial request for counsel. The district court issued a second notice of intent to dismiss Nunez's petition for the purpose of reissuing its first notice of intent to dismiss; the court also indicated the time for objection would be "renewed" from the date of the second notice. Nunez filed a "Notice of Error, Objection and Request for Relief," which, among other things, articulated the merits of his claim regarding the state laboratory. He asserted the controlled substances evidence introduced at his trial (specifically regarding the weight of the methamphetamine) was incorrect and/or tainted by impropriety at the laboratory and therefore was inadmissible. Upon Nunez's request, the court ordered that documents relevant to the laboratory testing in Nunez's case be sent directly to Nunez and his standby counsel. The State complied and Nunez filed an affidavit indicating that as a result of phone communications with standby counsel, Nunez had identified certain "facts and admissible evidence" to support his claim regarding the state laboratory.

---

[1] This claim stems from a June 2011 letter Nunez received from the State Appellate Public Defender's Office notifying him it received information from the Idaho State Police indicating that as early as 2003 "certain improprieties occurred in at least one of the state's forensic laboratories." The letter indicated the office had not determined whether the information actually affected Nunez's case.

Specifically, he alleged the controlled substances evidence had "undergone an impermissible variance in weight," for which there was no explanation. He reiterated he was not waiving his right to proceed pro se.

The State responded, contending that any variance in the weight of the methamphetamine was known or should have been known at the time of Nunez's first petition for post-conviction relief and therefore was waived. The district court entered an order summarily dismissing all of Nunez's post-conviction claims except that pertaining to the state laboratory. In regard to the latter issue, the court noted it was "extremely difficult to ascertain precisely what the Plaintiff is alleging." To avoid the "possibility of error" it granted Nunez an evidentiary hearing to commence on December 19, "solely on the issue of improper drug testing" as there was a "question of fact warranting an evidentiary hearing concerning the claim of improper drug testing which *could* entitle Plaintiff to some relief." The court further noted that Nunez continued to assert he was representing himself in the matter and that the appointed counsel was limited to providing standby services.

On November 9, Nunez filed a pro se pleading entitled "Petitioners Reply to State's 10/24/11 Responsive Pleading," again advancing his position regarding the testing of the methamphetamine in his underlying criminal case. At the conclusion of the motion, he stated: "Premises considered, the petitioner shall withdraw his pro se status at this time, in aid of Counsel's timely preparation for the hearing and ever cognizant of the stress and strains such efforts require." On November 21, the court held a pretrial conference. Nunez was not present because a transport order was not executed in time. Standby counsel informed the court of her belief that "Nunez basically consider[ed] himself to be representing himself pro se" and in light of that fact, it would be appropriate to continue the hearing because Nunez did not view her as "empowered to represent him."

On December 1, Nunez filed a "Motion and Affidavit in Support for Appointment of Counsel," stating he needed the assistance of counsel to "formulate a proposed witness list, draft & submit supeona's [sic], gather & submit relevant evidence" and assist with the possible cross-examination or rebuttal of a State's witness. At the evidentiary hearing on December 19, Nunez told the court he had "asked for an attorney" and "sent a letter so that [standby counsel] could represent me." The court acknowledged the recently filed motion requesting counsel, but indicated it had not been properly noticed for a hearing. The court asked Nunez why it should

3

appoint counsel at such a "late date" when Nunez had told the court "for months" that he wished to represent himself. Nunez explained he had been defending himself because he "wasn't able to communicate with [standby counsel]." After examining the basis of Nunez's post-conviction claim regarding the state laboratory, including asking standby counsel to summarize Nunez's arguments, taking judicial notice of certain documents presented by Nunez, and allowing Nunez to explain the basis for his claim, the district court denied the motion to alter counsel's scope of representation for two reasons: it was an untimely filing and a reasonable person, spending his own money, would not hire an attorney to pursue a post-conviction claim like the one alleged by Nunez. After Nunez stated he had no additional evidence to present and no witnesses to call, the district court explained, in a lengthy discourse on the record, its finding that Nunez's post-conviction claim regarding the state laboratory had no merit. The district court issued a judgment denying Nunez's motion for appointment of counsel and dismissing his remaining post-conviction claims. Nunez now appeals the district court's denial of his motion for appointment of counsel to assist in his post-conviction claim regarding the state laboratory.

## II.

## ANALYSIS

Nunez challenges both grounds upon which the district court denied appointment of counsel at the evidentiary hearing--that the motion was untimely and that a reasonable person, spending his own money, would not have hired an attorney to pursue the claim. Because it is dispositive, we focus solely on the latter ground.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. Idaho Code § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). In determining whether to appoint counsel pursuant to section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim.

4

*Id.* Some claims are so patently frivolous they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. As our Supreme Court discussed in *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007), a petitioner may fail to allege facts supporting a valid claim because they do not exist, or because he is unable to conduct an adequate investigation while incarcerated. Therefore, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims. *Id*. Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, the court should appoint counsel if the facts alleged raise the possibility of a valid claim. *Id*. (citing *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001), *superceded by statute*, I.C. § 19-953, *as stated in Charboneau v. State*, 140 Idaho 789, 792 n.1, 102 P.3d 1108, 1111 n.1 (2004)).

As summarized by standby counsel, Nunez asserted essentially two arguments regarding the validity of the testing of the methamphetamine in his case: (1) it was somehow tampered with prior to testing, which resulted in it testing positive for methamphetamine; and (2) there was a disparity in the measurements of the weight of the methamphetamine between that testified to by a tester at trial, and those recorded by an earlier tester who did not testify at trial. The district court dispensed with the merits of both these arguments, finding there was no evidence that the established misconduct at the state laboratory affected any testing that occurred in this case and that any disparities in the weight were explained in testimony at trial and were inconsequential. On appeal, however, Nunez does not contest the district court's finding that the merits of the claims were not such that "a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims." *See Swader*, 143 Idaho at 654, 152 P.3d at 15. Rather, his sole contention in this regard is that the district court erred in denying his motion for counsel on this ground because it did not first give him notice as to why the court believed the claims were frivolous and did not give him a chance to respond. He cites to the Supreme Court's admonition regarding the appointment of post-conviction counsel to pro se petitioners in *Brown*, 135 Idaho at 679, 23 P.3d at 141, where the Court instructed trial courts to

5

keep in mind that affidavits filed by pro se petitioners "will often be conclusory and incomplete" and facts sufficient to state a claim may not be alleged simply because they do not exist or "because the pro se petitioner simply does not know what are the essential elements of a claim." *Id*. Given these realities, the *Brown* Court noted, it is essential that such petitioners be "given adequate notice of the claimed defects" so the petitioner "has an opportunity to respond and to give the trial court an adequate basis for deciding the need for counsel based upon the merits of the claims." *Id*. Nunez contends he was not given the requisite notice required pursuant to *Brown* before the district court denied his motion for appointment of counsel.

We first note that in *Brown*, the Idaho Supreme Court was addressing whether a post-conviction petitioner was entitled to counsel under the standards set forth in Idaho Code § 19-852, which entitled a petitioner to counsel unless the court deemed the post-conviction proceeding "frivolous." *Brown*, 135 Idaho at 678-79, 23 P.3d at 140-41. The Supreme Court has since recognized that section 19-852 is no longer applicable to requests for counsel in post-conviction cases as a result of legislative amendment; however, it has instructed trial courts to "keep in mind the admonition set forth in *Brown* about the typical problems with pro se pleadings." *Charboneau*, 140 Idaho at 792-93, 102 P.3d at 1111-12. With this admonition in mind, the *Charboneau* Court further instructed:

> [I]n giving notice of intent to deny the Petition, the court should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if they exist. If he alleges facts to raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity with counsel to properly allege the necessary supporting facts.

*Id*. at 793, 102 P.3d at 1112 (internal quotation and citation omitted).

The State argues, convincingly, that Nunez was given all the notice he was due in this case. Not only was he actually appointed counsel, whose scope of representation he continuously and explicitly limited, but he was given clear notice, over the several months leading up to the evidentiary hearing, as to the facts necessary to support his claim by the district court's two lengthy and detailed notices of its intent to dismiss Nunez's petition. The notices definitively informed Nunez of the defect in his state laboratory claim: that he had not shown improprieties in the laboratory procedures tainted *his* case. Additionally, in response to Nunez's requests for evidence to support his claim, the district court ordered that documents relevant to

the laboratory testing in Nunez's case be sent directly to Nunez, an order the State complied with. Then, noting it was "extremely difficult to ascertain precisely what the Plaintiff is alleging" in regard to the state laboratory claim, in an abundance of caution the district court granted Nunez an evidentiary hearing on the issue. At the hearing, the court took pains to understand the basis of Nunez's post-conviction claim regarding the state laboratory, which included asking standby counsel to summarize Nunez's arguments, taking judicial notice of certain documents presented by Nunez, and allowing Nunez to explain the basis for his claim before the court ultimately denied Nunez's motion to alter the scope of counsel's representation at such a late date in the proceedings.

Nunez has simply not shown these steps taken by the district court were insufficient under the circumstances. The court very clearly took Nunez's (semi) pro se status into account; gave him repeated "notice of the claimed defects" in his petition, *Brown*, 135 Idaho at 679, 23 P.3d at 141; and gave him ample time and opportunity to "properly allege the necessary supporting facts," *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. *Charboneau* and its progeny do not stand for the proposition that in addition to such steps, further notice and a chance to respond is automatically required when a defendant changes his mind, after continuously maintaining his desire to proceed pro se for months, and wishes to alter the scope of standby counsel's representation at the eleventh hour. Accordingly, it was not error for the district court to fail to give Nunez separate, formal notice and a chance to respond before denying Nunez's motion to appoint counsel. Because Nunez does not challenge the merits of the district court's denial of his motion for counsel on the ground that his claim was not such that a reasonable person, spending his own money, would have hired counsel to pursue the claim, the district court's denial of Nunez's motion for appointment of counsel is affirmed. The court's judgment denying Nunez's motion for appointment of counsel and dismissing his petition for post-conviction relief following an evidentiary hearing is affirmed as well.

Judge GRATTON and Judge MELANSON **CONCUR.**