**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43197**

| | | |
|---|---|---|
| **MICHAEL WILLIAM TAPPIN,** | ) | **2017 Unpublished Opinion No. 400** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: March 15, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>vacated</u> and <u>case remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GRATTON, Chief Judge

Michael William Tappin appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. He contends the district court erred in denying his motion for appointment of counsel. We vacate the court's judgment and remand the case for further proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

As determined in the underlying criminal case, an undercover officer met with Tappin's associate to complete a drug transaction. Tappin's associate could not complete the transaction because he did not have his digital scale. Tappin's associate went to Tappin's house to retrieve the scale from "Mikey." Surveillance officers followed Tappin's associate to Tappin's house. Tappin's associate left the house with the scale and completed the drug transaction with the

1

undercover officer at a nearby location. The surveillance officers continued to observe the house. After Tappin's associate left the house, a vehicle made an illegal U-turn without signaling and parked near the house. Tappin exited the house and got into the passenger seat of the vehicle. The surveillance officers stopped the vehicle. Tappin reached toward his waistband area. The surveillance officers removed Tappin and asked for consent to search him. Tappin consented to a search, and the surveillance officers found ten grams of heroin in his pocket.

The State charged Tappin with conspiracy to traffic in heroin, Idaho Code §§ 37-2732B(a)(6)(C), 18-1701, 37-2732(b), and 19-304; trafficking in heroin, I.C. §§ 37-2732B(a)(6) and 18-204; and possession of drug paraphernalia, I.C. § 37-2734A. Tappin moved to suppress the evidence, arguing the surveillance officers did not have reasonable suspicion to initiate the stop. The district court denied the motion and Tappin pled guilty, reserving the right to appeal the denial of his motion to suppress. Tappin appealed, arguing the surveillance officers did not have reasonable suspicion to extend the scope of the stop. We affirmed the district court, noting that Tappin had not challenged the scope of the stop in the district court. *State v. Tappin*, Docket No. 40377 (Ct. App. Feb. 10, 2014) (unpublished).

Tappin filed a pro se petition for post-conviction relief and affidavit in support, alleging his trial counsel was ineffective for failing to call him as a witness at the hearing on his motion to suppress and challenge his consent and the scope of the stop. Tappin also filed a motion for appointment of counsel. The district court denied Tappin's motion for appointment of counsel. The district court noticed its intent to dismiss Tappin's petition. In its notice of intent to dismiss, the court stated that arguments by trial counsel challenging Tappin's consent and the scope of the stop would have failed because the surveillance officers had reasonable suspicion for a drug investigation that independently justified both the search and scope of the stop. Tappin did not timely respond, and the court summarily dismissed his petition. Tappin filed a motion for reconsideration. The court denied Tappin's motion for reconsideration. Tappin appeals.

## II.

## ANALYSIS

Tappin asserts the district court abused its discretion in denying his motion for appointment of counsel, and his petition alleged facts that raise the possibility of a valid claim.

2

**A.     The District Court's Procedure in Denying the Motion**

Tappin asserts the district court abused its discretion in denying his motion for appointment of counsel.  If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal.  I.C. § 19-4904.  The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court.  *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner.  *Grant*, 156 Idaho at 603, 329 P.3d at 385.  In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete.  *Id*.  Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim.  *Id.*  Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel.  *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).  However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts.  *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In denying Tappin's motion for appointment of counsel, the district court stated:

The file will be reviewed to determine if there is a basis for post-conviction relief. If the petition is not subject to summary dismissal pursuant to I.C. § 19-4906(b), counsel will be appointed.  If the petition alleges facts showing the possibility of a valid claim, counsel will be appointed.  The Court will consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims.  At this point, the motion is denied.

3

Tappin asserts the district court failed to reach its decision by an exercise of reason because it "did not find the facts required to deny appointed counsel" in its order denying appointment of counsel. Tappin notes that the court denied his motion for appointment of counsel, subject to finding claims in his petition merited appointment of counsel, and then summarily dismissed his petition without finding that the claims in his petition did not merit appointment of counsel. Tappin also asserts the district court did not act consistently with the legal standards applicable to its decision. In its order denying Tappin's motion for appointment of counsel, the court stated: "If the petition is not subject to summary dismissal pursuant to I.C. § 19-4906(b), counsel will be appointed." Tappin notes that whether a petition is subject to summary dismissal is not the correct standard to apply in determining whether to appoint counsel. Tappin argues the court must have applied this incorrect standard because the only finding the court made in this case was that his petition was subject to summary dismissal, a finding that employed a higher standard than that required for appointment of counsel.

In *Workman v. State*, 144 Idaho 518, 164 P.3d 798 (2007), our Supreme Court addressed an order denying appointment of counsel similar to the order here. In the order in *Workman*, "the district court stated that it would review the file to determine whether there was a basis for post-conviction relief, and that '[i]f the petition is not subject to summary dismissal pursuant to I.C. § 19-4906(b), counsel will be appointed to represent the [petitioner] at any evidentiary hearing.'" *Id.* at 529, 164 P.3d at 809. The district court later summarily dismissed the petition. *Id.* The Supreme Court held:

> The district court's thorough review of [the petitioner's] allegations supports, as a reasonable exercise of discretion, [its] finding that [the petitioner's] claims were frivolous and required no further investigation. [The petitioner] has raised no allegations sufficient to require the appointment of counsel. The district court did not err in denying [the petitioner's] request for counsel.

*Id.* at 529, 164 P.3d at 809.

As in *Workman*, the same district court here did not make any findings regarding the appointment of counsel in its order denying appointment of counsel. Further, similar to the district court's order in *Workman*, the district court's order here denied the motion for appointment of counsel subject to finding claims in the petition merited appointment of counsel. Also, again as in *Workman*, the district court here identified the following standard in its order: "If the petition is not subject to summary dismissal pursuant to I.C. § 19-4906(b), counsel will be appointed . . . ." *See id.* Because the *Workman* Court did not find any abuse of discretion in the

4

district court's procedure in that case, we are constrained to say the district court's procedure in this case did not constitute an abuse of discretion.

However, we find the practice of effectively, conditionally denying a petitioner's motion for appointment of counsel problematic. When a district court is "presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case." *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). By doing so, the district court gives the petitioner "a meaningful opportunity to supplement the record and to renew his request for court-appointed counsel prior to the dismissal of his petition . . . ." *Charboneau v. State*, 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004) (quoting *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001)). When a motion for appointment of counsel is filed, the district court should review the petition before ruling to determine if there exists the possibility of a valid claim, not deny the motion and then review the petition at a later time.

## B.      Possibility of a Valid Claim

In affirming the district court's denial of the petitioner's motion for appointment of counsel, the *Workman* Court analyzed whether the petitioner had raised "allegations sufficient to require the appointment of counsel." *Workman*, 144 Idaho at 529, 164 P.3d at 809. Thus, we next analyze whether claims in Tappin's petition merited appointment of counsel.[1]

Tappin's petition alleged his trial counsel was ineffective for failing to call him as a witness at the hearing on his motion to suppress and to challenge his consent and the scope of the stop. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon

---

[1]      Even where a district court failed to rule on a motion for appointment of counsel, the appellate court will uphold the dismissal if the petition failed to raise the possibility of a valid claim. *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009).

a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Contrary to the testimony of the officers at the suppression hearing, Tappin claims he would have testified that he never reached toward his waistband area and the surveillance officers never inquired about a traffic violation, immediately pulled him out of the vehicle after the stop, and searched him without asking for consent. He claims this testimony would have established the officers did not have any justification for the search and their actions exceeded the scope of the stop. According to Tappin, had he been allowed to testify, he would have been successful on his motion to suppress. If he had been successful on his motion to suppress, Tappin asserts he never would have pled guilty and would have insisted on going to trial.

The State responds that the allegations in Tappin's petition, that trial counsel was ineffective for failing to call him as a witness and challenge his consent and the scope of the stop, did not raise the possibility of a valid claim because decisions about what witnesses to call and theories and issues to pursue are tactical or strategic decisions. The State also claims that arguments by trial counsel challenging Tappin's consent and the scope of the stop would have failed because the district court, in the underlying case, found the surveillance officers had reasonable suspicion for a drug investigation that independently justified both the search and scope of the stop. In regard to the search, the State argues "the well-documented dangers officers encounter when confronting ongoing drug crimes" would have justified a *Terry* frisk in this case resulting in location of the heroin.

In reply, Tappin asserts that even if the surveillance officers had reasonable suspicion of a drug transaction that justified the scope of the stop, that reasonable suspicion did not justify the search. Tappin states: "Contrary to the state's suggestion, reasonable suspicion of drug activity is not tantamount to the reasonable and articulable suspicion that the suspect is armed and dangerous needed for a *Terry* frisk." Finally, Tappin asserts that even if the surveillance officers had reasonable suspicion to justify a *Terry* frisk, the officers in fact reached inside his pocket, an

6

action that exceeded the scope of a *Terry* frisk and, therefore, the heroin would not have been located.

Tappin's testimony, if believed, could have provided a basis for challenging his consent. Without Tappin's consent, the surveillance officers may not have had legal justification for reaching inside his pocket. Thus, Tappin's testimony, if believed, could have also provided a basis for challenging the scope of the search. While we will not second-guess trial counsel's tactical or strategic decisions, such as trial counsel's decision about what witnesses to call, there is no indication in the underlying or post-conviction record why trial counsel did not call Tappin to testify and did not challenge the scope of the search. Thus, we are constrained to hold that Tappin's petition alleged facts that raise the possibility of a valid claim. The district court should have granted Tappin's motion and appointed post-conviction counsel to work with Tappin to properly allege the necessary supporting facts in support of the claim that trial counsel was ineffective in advancing the motion to suppress. Accordingly, we vacate the district court's judgment summarily dismissing Tappin's petition for post-conviction relief and remand the case for appointment of counsel.

### III.

### CONCLUSION

The district court's procedure in denying appointment of counsel did not constitute an abuse of discretion. However, Tappin's petition alleged facts that raise the possibility of a valid claim. Thus, the district court erred in denying Tappin's motion for appointment of counsel. The district court's judgment summarily dismissing Tappin's petition for post-conviction relief is vacated and the case is remanded for appointment of counsel.

Judge MELANSON and Judge HUSKEY **CONCUR**.