## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 47436

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Boise, January 2020 Term** |
| | ) | |
| **v.** | ) | **Opinion Filed: March 9, 2020** |
| | ) | |
| **THOMAS K. HOOLEY,** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. John K. Butler, District Judge.

The decision of the district court is <u>affirmed.</u>

Eric D. Fredericksen, State Appellate Public Defender, Boise, for Appellant. Jason C. Pintler argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Jeffery D. Nye argued.

—————————————————

BURDICK, Chief Justice.

Thomas K. Hooley appeals from the district court's decision dismissing his pro se filing entitled "Motion For New Trial Based on Evidence withheld in violation of *Brady* with attached exhibits in support of motion." The district court treated Hooley's filing as a motion for a new trial based on newly discovered evidence under Idaho Criminal Rule 34 and denied it as untimely. Hooley appealed and argued that the district court should have construed his filing as a petition for post-conviction relief. The Court of Appeals affirmed. We granted Hooley's timely petition for review and, for the reasons below, affirm the district court's order.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

In July 2014, a jury convicted Hooley of first-degree kidnapping and aiding and abetting aggravated battery. Hooley unsuccessfully appealed his conviction to the Court of Appeals. This Court denied his petition for review and issued a remittitur on December 18, 2015.

1

In May 2018, around two-and-a-half years after the remittitur was issued, Hooley lodged a pro se filing with the district court in Gooding County. Almost 200 pages in length, the first pages of the filing were a sparse legal template[1] on which Hooley handwrote information. The template featured a pre-formatted court caption and blank spaces for "Plaintiff/Petitioner"; "Defendant/Respondent"; "CASE NO."; the title of the filing; and the substance of the filing. Hooley titled his filing a "Motion for New Trial Based on Evidence Withheld in Violation of Brady, with attached exhibts [sic] in Support of Motion." Hooley designated himself as "Thomas K. Hooley pro se" the "Plaintiff/Petitioner" and named "Gooding County (State)" as the opposing party.

In the substantive portion of the motion, Hooley wrote the he "hereby moves this Court for an order granting a New Trial on the Grounds of evidence withheld in violation of *Brady*." He further wrote that a "New Trial motion based on evidence withheld in violation of *Brady* cannot be denied on basis that new trial would not have produced different outcome and such violations not subject to harmless error analysis." He also included statements of law and citations.

Hooley attached 178 pages of documents as exhibits, including: a partial transcript from his trial; a discovery request from his case; police notes from an interview with a possible suspect in his case; a transcript from a taped interview from the investigation; an officer-safety alert; a public-records request directed at the Bingham County Sheriff's Office and its response; a public-records request directed at the Gooding County Sheriff's Office and its response; a multipage, handwritten and notarized "Affidavit in Support of Motion"; and handwritten pages containing statements of law, citations, and underlying facts (some pages under the subheading "*Brady* violation").

Hooley's filing was lodged in his underlying criminal case. The district court treated the filing as an untimely motion for a new trial based on newly discovered evidence under Idaho Criminal Rule 34. The district court denied the motion as untimely, reasoning that Hooley's motion was filed outside of the 2-year time constraint on Rule 34 motions because his underlying judgment of conviction became final on December 18, 2015, when the remittitur was issued.

---

[1] The record is unclear as to the source of this template, but is it not the template found in Idaho Criminal Rule 39 for petitions for post-conviction relief.

Hooley appealed and argued that the district court erred by failing to treat his filing as a petition for post-conviction relief under the Uniform Post-Conviction Procedure Act. The Court of Appeals affirmed the district court's order. We granted Hooley's timely petition for review.

## II.    ISSUE ON APPEAL

Did the district court err by construing Hooley's filing as a motion for new trial based on newly discovered evidence under Idaho Criminal Rule 34?

## III.    STANDARD OF REVIEW

The denial of a motion for a new trial under Idaho Criminal Rule 34 is reviewed for an abuse of discretion. *See State v. Stevens*, 146 Idaho 139, 144, 191 P.3d 217, 222 (2008). This Court reviews discretionary decisions with the four-part *Lunneborg* standard, asking whether the lower court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Hoskins*, 165 Idaho 217, 220, 443 P.3d 231, 234 (2019) (citations omitted).

## IV.    ANALYSIS

**The district court did not err by treating Hooley's filing as an untimely motion for a new trial under Idaho Criminal Rule 34.**

Hooley argues that the district court should have construed his filing as a poorly drafted petition for post-conviction relief rather than an untimely Rule 34 motion. He argues that while both could be vehicles for his *Brady* claim, he intended his filing to be a post-conviction petition and that substance, not form, governs the classification of pro se litigants' filings. In response, the State points out that Hooley titled his filing a "motion for new trial" and filed it in his criminal case. The State argues that this is dispositive under *State v. Jakoski*, where this Court held that a motion filed in a criminal case cannot commence a post-conviction proceeding. 129 Idaho 352, 355, 79 P.3d 711, 714 (2003). For the reasons below, we hold that the district court did not err by treating Hooley's filing as an untimely Rule 34 motion.

Areas of overlap exist between Idaho Criminal Rule 34 and the Idaho Uniform Post-Conviction Procedure Act. Rule 34 applies in criminal proceedings and provides that a

court "may vacate any judgment and grant a new trial on any ground permitted by statute." I.C.R. 34. Two such grounds are "[w]hen the verdict is contrary to law or evidence" and "[w]hen new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial." I.C. § 19-2406(6)–(7). Conversely, post-conviction proceedings are civil in nature and governed by Idaho's Uniform Post-Conviction Procedure Act ("the Act"). *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009) (citing I.C. § 19-4901). The Act's statutory grounds for relief include "[t]hat the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state" and "[t]hat there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice[.]" I.C. § 19-4901(a)(1); (a)(4).

Each source requires the applicant or movant to abide by different procedural requirements. A Rule 34 motion must comply with the substantive requirements found in Rule 34 as well as with the Idaho Criminal Rules' general requirements for filings. *See* I.C.R. 2.3. In contrast, Idaho Criminal Rule 39 provides a template for petitions[2] for post-conviction relief and requires an applicant's petition to be "substantially" in the form of the template. I.C.R. 39(a). The petition must be filed as a separate civil case in the district court where the applicant was convicted and is governed by the Idaho Rules of Civil Procedure. *Id.* The template helps an applicant comply with the Act's procedural requirements. For example, Idaho Code section 19-4903 specifies that the application must: "identify the proceedings in which the applicant was convicted"; "give the date of the entry of the judgment and sentence complained of"; "specifically set forth the grounds upon which the application is based"; and "clearly state the relief desired[.]" I.C. § 19-4903. In addition, the petition must set forth the facts within the applicant's personal knowledge "separately from other allegations of facts" and verify those facts under the requirements of section 19-4902. *Id.* The applicant must attach "[a]ffidavits, records, or other evidence supporting [the] allegations" or the applicant must explain why those items are

---

[2] Idaho's Uniform Post-Conviction Procedure Act provides that a post-conviction "proceeding is commenced by filing an *application* verified by the applicant . . . ." I.C. § 19-4902 (emphasis added). Idaho Criminal Rule 39(a) requires that "[a]n application for post-conviction relief . . . must be in the form of a petition." As such, the words "application" and "petition" are synonymous, but the requirements of our procedural rules prevail over statutes and thus the requirements of Idaho Criminal Rule 39(a) and its template govern our analysis here. *State v. Garner*, 161 Idaho 708, 711, 390 P.3d 434, 437 (2017).

not attached. *Id.* The application must also "identify all previous proceedings, together with the grounds therein asserted, taken by the applicant to secure relief from his conviction or sentence." *Id.* That said, perfect compliance is not the standard; the Act requires district courts to consider petitions that substantially comply with its mandates and grants the district court flexibility to allow amendments. I.C. § 19-4906 ("In considering the application the court shall take account of substance regardless of defects of form.").

Given these two procedural avenues, we must first determine whether Hooley's motion clearly falls under one, or whether the motion is ambiguous. Hooley's motion cited neither Idaho Criminal Rule 34, Rule 39, nor the Idaho Uniform Post-Conviction Procedure Act. It is self-designated as a motion for a new trial, but named the parties in a manner consistent with civil proceedings. The filing does not appear on the Idaho Criminal Rule 39 template. The basis for the motion could arguably advance a motion for new trial or a petition for post-conviction relief. With no clear indication one way or another, we determine that Hooley's filing is ambiguous. Accordingly, the district court did not err in treating an ambiguous filing as one of the possible motions it could assert. Even if Hooley subjectively intended his filing to be a post-conviction petition, he was required to make that plain in his filing: "Pro se litigants are held to the same standards and rules as those represented by an attorney." *Trotter v. Bank of New York Mellon*, 152 Idaho 842, 846, 275 P.3d 857, 861 (2012) (quoting *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003)).

Hooley nevertheless contends that courts are required to treat post-conviction proceedings with substance controlling over form. Hooley argues that this approach would have led the district court to treat his filing as a post-conviction petition. To that end, Hooley cites *Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969) and *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001). The State responds by pointing to *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003), to argue that Hooley's filing could not be treated as a petition for post-conviction relief because it was filed in his criminal case.

This Court acknowledged the substance-over-form approach in *Dionne v. State*, 93 Idaho at 237, 459 P.2d at 1019. That case addressed a petition improperly titled "Writ of Habeas Corpus" filed shortly after the adoption of the Uniform Post-Conviction Procedure Act in 1967. *Id.* The Court held that it "is immaterial whether a petition or application is labeled Habeas Corpus or Post Conviction proceeding" because the Act is "an expansion of the Writ of Habeas

Corpus and not . . . a denial of the same." *Id.* Even so, this Court affirmed the district court's denial of the applicant's petition despite the substance of the filing alleging a proper basis for a post-conviction application. *Id.* at 238, 459 P.2d at 1020. The Court emphasized that the petitioner "knowingly refused to seek relief under the [Act] and [had] stated that he did not desire his petition for Writ of Habeas Corpus [to] be treated as an application for Post Conviction relief." *Id.*

In *Brown v. State*, this Court addressed how a district court should approach a petitioner's request for counsel after a petition has been properly filed. 135 Idaho at 678–79, 23 P.3d at 140–41. Statutes in effect at the time required the district court to appoint counsel unless it determined that the petition was frivolous. *Id.* at 678, 23 P.3d at 140. The district court dismissed the petition for failure to allege sufficient facts and denied the petitioner's request for counsel without determining whether his claim was frivolous. *Id.* at 677, 23 P.3d at 139. This Court reversed, reasoning that the district court abused its discretion by failing to determine whether the petitioner's claim was frivolous. *Id.* at 679, 23 P.3d at 141. The Court explained that district courts "should keep in mind that petitions and affidavits filed by a pro se petitioner will often be conclusory and incomplete." *Id.* If a lower court plans to deny a request for counsel because a pro se petitioner has not alleged sufficient facts, it "should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if they exist." *Id.*

Most recently, this Court held that a filing in a criminal case cannot be construed as a petition for post-conviction relief in *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003). There, the defendant filed a motion under Idaho Criminal Rule 33(c) seeking to withdraw his guilty plea. *Id.* at 354, 79 P.3d at 713. Having already unsuccessfully filed a petition for post-conviction relief, he filed his Rule 33 motion over 6 years after his judgment of conviction became final. *Id.* Affirming the district court's denial of the motion, this Court determined that his motion to withdraw could not be considered as an application for post-conviction relief. *Id.* at 355–56, 79 P.3d at 714–15. The Court distinguished *Dionne* by noting that both habeas corpus and post-conviction relief are civil proceedings separate from the criminal case: "It would be too much of a stretch to hold that a motion filed in a criminal case can be considered as a pleading commencing civil litigation." *Id.* at 355, 79 P.3d at 714.

6

While these cases inform our approach to Hooley's filing, the issue in this case arises at the juncture *before* a filing occurs in either the underlying criminal case or a post-conviction proceeding. Those proceedings are like parallel railroad tracks. *Jakoski* stresses that once a filing is placed on the criminal track, no switch exists to transfer it to the post-conviction track. Thus, the party seeking relief must make clear its intent to place the issue on one track to the exclusion of the other. Here, because Hooley's filing presented an issue that could be set on either track, Hooley was required to sufficiently indicate to the district court that his filing should be placed on the post-conviction track. Unlike *Dionne*, Hooley's filing is not a properly drafted but mistitled petition. Nor did Hooley explicitly voice the intent behind his motion like the defendant in *Dionne*. Likewise, the conclusory petition in *Brown* properly instigated post-conviction proceedings *before* this Court commented on the standard for appointing counsel. Conversely, the petition in *Jakoski* had been filed in the criminal case as a post-trial motion, and only on appeal did the issue arise as to whether it should be treated as a post-conviction petition.

In light of the precise question before us, we conclude that the district court did not err in construing Hooley's motion as an untimely Rule 34 motion. We recognize that construing the filing as a Rule 34 motion meant that it would be untimely, and therefore, unsuccessful. However, the filing would have been deficient as a post-conviction petition as well. Hooley failed to substantially comply with the form provided in Idaho Criminal Rule 39 or the requirement of the Act by omitting: the name and location of the court that imposed the judgment and sentence; the offense of conviction; the date on which the sentence was imposed and the terms of the sentence; whether his conviction came after pleading guilty or not guilty; whether he had previously appealed the conviction; and whether he had filed previous post-conviction claims or habeas petitions. True, had the district court treated it as a petition seeking post-conviction relief, Hooley would have been able to amend it under Idaho Code section 19-4906(b). However, Hooley's failure to observe the Act's statutory requirements is also responsible for the district court's decision to treat the filing as it did.

As filed, Hooley's submission failed to demonstrate the clear intent to file a petition for post-conviction relief. Hooley dubbed his filing a "motion for a new trial." Unlike the petitions in *Dionne*, Hooley's handwritten motion and legal arguments never once mention "post-conviction relief" *or* "writ of habeas corpus." Though Hooley's paperwork asserted a *Brady* claim, he characterized the evidence in such a way that reading the filing as a Rule 34

motion for new trial based on newly discovered evidence is reasonable. ("Through due diligence the defendant (Thomas Hooley) was able to obtain evidence . . . ."); ("While deciphering the evidence that was never examined in Court . . . ."). While Hooley notes the he included the criminal case number of his underlying case as required by the Act, this fact is also consistent with a Rule 34 motion. Likewise, although Hooley does not explicitly cite Rule 34 in his motion, he cited neither Rule 39 nor the Act. And while he named the parties in a manner consistent with civil proceedings, his filing failed to include almost all of the information required of a petition for post-conviction relief. Lastly, while his filing contained public information requests which explicitly mentioned post-conviction proceedings, these attachments were buried at the end of his almost 200-page filing and were directed at Sheriff's Offices, not the court. On balance, Hooley's position on appeal is the only clear indication of Hooley's intent that his filing be treated as a petition for post-conviction relief. But clarity on appeal does little to assist a district court in construing an ambiguous filing.

We are mindful that Hooley's filing was drafted and lodged pro se, as most petitions are. That said, under our case law, Hooley's filing is treated no differently than if it were filed by counsel. *Trotter v. Bank of New York Mellon*, 152 Idaho 842, 846, 275 P.3d 857, 861 (2012). Though this standard can be burdensome, those seeking to instigate post-conviction proceedings are not without resources. As noted, Rule 39 contains a detailed template for petitions. If filled out carefully, it is highly unlikely that a court could place the filing on the criminal track. And once the filing is on the proper track, the Act grants the district court the discretion to appoint counsel. I.C. § 19-4904. If the district court dismisses the petition, it must first advise the petitioner of the petition's deficiencies and provide an opportunity to correct them. I.C. § 19-4906(b).

Unacknowledged in Hooley's position is the possible prejudice that could result from his proposed approach. Used properly, a petition for post-conviction relief "avoids repetitious and successive applications; eliminates confusion and yet protects the applicant's constitutional rights." *Dionne*, 93 Idaho at 237, 459 P.2d at 1019. Here, to find error in the district court's decision would not only invite confusion, but could also prejudice the applicant's rights. Under the facts of this case, Hooley is free to correct his filing and lodge it as a petition for post-conviction relief as he intended. However, if a different pro se litigant files an ambiguous filing without intending to file a post-conviction petition, then construing it as such would carry

adverse consequences. After all, a petitioner must include all possible claims in his original petition. I.C. § 19-4908.

In sum, while the Act and Rule 39 allow courts to forgive formal technicalities, the district court was not required to disregard myriad deficiencies in Hooley's ambiguous filing because his legal argument *could* assert a valid ground for relief under the Act. At most, Hooley's filing equally resembled a motion for a new trial as it did a petition for post-conviction relief. Thus, we find no error in the district court's decision to treat the filing as a motion for a new trial. That said, nothing in this opinion should be taken to discourage a district court from including in its denial of an ambiguous post-trial motion a brief statement indicating to the pro se party that its claim may be better suited for a post-conviction relief.

## V. CONCLUSION

For the above reasons, we find no error in the district court's decision to treat Hooley's filing as an untimely Rule 34 motion for a new trial based on newly discovered evidence. Accordingly, we affirm the district court's order dismissing Hooley's motion.

Justices BRODY, BEVAN, STEGNER, and MOELLER **CONCUR.**