152 P.3d 12

**Kalina SWADER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 32114.**

Supreme Court of Idaho,
Boise, January 2007 Term.

Jan. 25, 2007.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Courtney E. Beebe argued.

EISMANN, Justice.

This is an appeal from an order dismissing Appellant's petition for post-conviction relief. The issue is whether the district court erred by failing to appoint counsel for the Appellant before dismissing her petition. We hold that it did. We therefore vacate the judgment of dismissal, reverse the order denying appointment of counsel, and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

In February 2000, Kalina Swader (Swader) was convicted by a jury of manufacturing marijuana, manufacturing marijuana where children are present, trafficking by attempted manufacture of methamphetamine or amphetamine, possessing methamphetamine, and trafficking in the immediate precursors of methamphetamine or amphetamine. After two appeals, an amended judgment was entered on April 12, 2004, sentencing her to prison on those offenses.

On January 14, 2005, while still incarcerated at the Pocatello Women's Correctional Center, Swader filed a *pro se* petition for post-conviction relief. She alleged ineffective assistance of counsel and police misconduct as grounds for relief. On the same date, she also filed a motion for appointment of counsel on the ground that she was indigent and unable to afford counsel. The alleged instances of her counsel's ineffectiveness were the following: allowing a jailor's wife to sit as a juror; not seeing Swader at the jail or accepting her telephone calls; having a heart attack during the second day of trial making it impossible for him to be paying attention;[1] not calling witnesses she wanted to testify about mitigating circumstances; not filing a motion to suppress a bag of pill packages and a .22 caliber rifle given to the police by a private party; not objecting to the admission of the .22 caliber rifle and permitting the bag

---

1. The district court recessed the trial for six days during which time Swader's counsel was treated for his medical condition.

of pill packages to sit in front of the jury even though it was not admitted into evidence; and not objecting to chemicals admitted into evidence but not tested by the police. The alleged police misconduct was a detective testifying that he did not charge Swader with possession of marijuana. She contends she was so charged.

On February 7, 2005, the district court gave Swader written notice of intent to dismiss, informing her of deficiencies in her petition. The court gave her thirty days to supplement her allegations and reserved ruling on her motion for appointment of counsel until it had received her response. On March 25, 2005, the district court granted Swader another thirty days within which to provide a response.

On April 28, 2005, Swader filed her response. She provided some additional information regarding two of the instances in which her attorney was allegedly ineffective. She stated that the jailor's wife was allowed on the jury because her attorney failed to ask the prospective jurors whether they were related to anyone in law enforcement. She also stated that after the trial had commenced the jailor told her he had "something funny" to tell her when the trial was over, that he sat through one morning of the trial, and that she and the jailor did not get along. She later found out that the jailer was married to one of the jurors. She also alleged that her attorney failed to object to a bag of pill packages and a .22 caliber rifle that had been turned over to police by a private party and that the bag of pill packages was permitted to sit in front of the jury during the trial even though it was not admitted into evidence.

On June 9, 2005, the district court issued an order dismissing Swader's petition for post-conviction relief on the ground that her claims were frivolous and denying her motion for appointment of counsel. Swader then timely appealed.

## II. ANALYSIS

In *Quinlan v. Idaho Comm'n for Pardons and Parole*, 138 Idaho 726, 730, 69 P.3d 146, 150 (2003), we stated, "I.C. § 19–853, was amended to make clear that appointment of counsel at public expense in post-conviction cases shall be in accordance with I.C. § 19–4904. Thus, I.C. § 19–852 no longer applies in post-conviction cases and appointment of counsel in those cases is governed only by I.C. § 19–4904." Based upon *Quinlan*, this Court held in *Charboneau v. State*, 140 Idaho 789, 102 P.3d 1108 (2004), that the proper standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim. In denying Swader's motion for appointment of counsel, however, the district court did not apply that standard. It stated, "The statutes governing the appointment of counsel in post-conviction proceedings are I.C. § 19–4904 and I.C. § 19–852." The district court noted that a needy person is not entitled to the appointment of counsel under the latter statute if the proceeding is frivolous.[2] The court then concluded that Swader's petition was frivolous and denied her request for appointment of counsel. The district court erred by not applying the proper standard when denying her motion for appointment of counsel. The issue is whether such error was prejudicial. In other words, if the standard announced in *Charboneau* is applied, should Swader's motion for appointment of counsel have been granted? We hold that it should have been.

In *Brown v. State*, 135 Idaho 676, 23 P.3d 138 (2001), we noted that a *pro se* petitioner may fail to allege sufficient facts to state a claim for post-conviction relief simply because he or she does not know the essential elements of the claim. We held that the petitioner should therefore be advised of the

2. Idaho Code § 19–852(b)(3) provides:

A needy person who is entitled to be represented by an attorney under subsection (a) is entitled:

. . . .

(3) to be represented in any other post-conviction or post-commitment proceeding that the attorney or the needy person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

deficiencies in the petition and given an opportunity to allege additional facts before the court denies the request for appointment of counsel and dismisses the petition. We stated:

> [T]he trial court should keep in mind that petitions and affidavits filed by a *pro se* petitioner will often be conclusory and incomplete. Although facts sufficient to state a claim may not be alleged because they do not exist, they also may not be alleged because the *pro se* petitioner simply does not know what are the essential elements of a claim.
>
> It is essential that the petitioner be given adequate notice of the claimed defects so he has an opportunity to respond and to give the trial court an adequate basis for deciding the need for counsel based upon the merits of the claims. If the court decides that the claims in the petition are frivolous, the court should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if they exist. Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, he should be provided with a meaningful opportunity to supplement the record and to renew his request for court-appointed counsel prior to the dismissal of his petition where, as here, he has alleged facts supporting some elements of a valid claim.

135 Idaho at 679, 23 P.3d at 141.

In *Brown*, neither the State in its motion nor the trial court informed the petitioner of the deficiencies in his petition. In reviewing the petition, we noted, "Brown's statements of fact at least raised the suspicion, however, of a possible *Miranda* violation." 135 Idaho at 679–80, 23 P.3d at 141–42. Applying Idaho Code § 19–852, we vacated the dismissal of his petition and the denial of his request for counsel.

■ The instant case raises an issue similar to *Brown*. Swader may have failed to allege facts supporting a valid claim because they do not exist, or because she was unable to conduct an adequate investigation while incarcerated. In deciding whether the *pro se* petition raises the possibility of a valid claim, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims. Although "the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims," *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001), the court should appoint counsel if the facts alleged raise the possibility of a valid claim.

■ For example, Swader alleged that the jailor commented that he had "something funny" to tell her after the trial and that she later learned that his wife was one of the jurors. She also alleged, "I am sure that [the jailer] talked about me to his wife due to the fact that I was the only female in the hole for most of my time there and he personally escorted me on many occasions to recreation, library and the shower down in booking." Being incarcerated, Swader does not have a reasonable opportunity to investigate whether the jailor actually talked to his wife about Swader prior to the end of the trial. A reasonable person with adequate means in Swader's position, however, would certainly be willing to retain counsel to investigate that possibility. Likewise, Swader alleged that pill packages were permitted to sit in front of the jury during the trial even though they had not been admitted into evidence. Considering that she was convicted of trafficking by attempted manufacture of methamphetamine or amphetamine, a reasonable person with adequate means would be willing to retain counsel to see whether that provided a basis for ineffective assistance of counsel.

■ When considering a motion for appointment of counsel, the trial court must do more than determine whether the petition alleges a valid claim. The court must also consider whether circumstances prevent the petitioner from making a more thorough investigation into the facts. An indigent defendant who is incarcerated in the penitentiary would almost certainly be unable to conduct an investigation into facts not already contained in the court record. Likewise, a *pro*

*se* petitioner may be unable to present sufficient facts showing that his or her counsel's performance was deficient or that such deficiency prejudiced the defense. That showing will often require the assistance of someone trained in the law. Therefore, the trial court should appoint counsel if the petition alleges facts showing the possibility of a valid claim such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claim. The investigation by counsel may not produce evidence sufficient to survive a motion to dismiss. But, the decision to appoint counsel and the decision on the merits of the petition if counsel is appointed are controlled by two different standards.

### III. CONCLUSION

We vacate the judgment dismissing Swader's petition for post-conviction relief; we reverse the order denying her motion for appointment of counsel; and we remand this case for further proceedings. We award costs on appeal to Swader.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.

