This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                            **No. 30,330**

**LEONARD ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his convictions for criminal trespass, aggravated assault (deadly weapon), and felon in possession of a firearm.  We issued a calendar notice

proposing to affirm. Defendant has responded with a memorandum in opposition. After due consideration, we affirm.

**MOTION FOR CONTINUANCE**

Defendant continues to argue that the district court erred in denying his motion for a continuance. [MIO 5] The granting or denial of a continuance is within the sound discretion of the district court, and the burden of establishing abuse of discretion rests with the appellant. *See State v. Sanchez*, 120 N.M. 247, 253, 901 P.2d 178, 184 (1995). Defendant's motion for a continuance was based on defense counsel's claim that he did not have adequate time to prepare for trial. [DS 7] However, Defendant has not indicated that there was either a per se constitutional violation or a specific ground of ineffective assistance of counsel that would constitute reversible error. *See State v. Salazar*, 2007-NMSC-004, ¶ 13, 141 N.M. 148, 152 P.3d 135 (setting forth factors to consider for denial of continuance where counsel has claimed inadequate time to prepare).

In his memorandum in opposition, Defendant indicates that counsel needed more time to review the testimony of Victim and Athena Menke in the latter's trial, which resulted in a conviction a week prior to Defendant's trial. [MIO 6-7] Defendant argues that his lack of preparation "undoubtably impacted" his trial strategy. [MIO 7] However, there is no indication that the amount of time was insufficient to review this

testimony, particularly in light of the fact that Defendant had interviewed these witnesses previously and merely had to review the testimony for any inconsistencies. [MIO 7] In addition, Defendant has not pointed out anything that establishes that he actually suffered any prejudice from the refusal to grant him a continuance. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**SUFFICIENCY OF THE EVIDENCE**

Defendant continues to argue that the evidence was insufficient to support his convictions for aggravated assault with a deadly weapon and felon in possession. [MIO 8-10] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 18 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support the aggravated assault (deadly weapon) conviction, the evidence had to show that Defendant forced his way into Victim's residence brandishing a firearm therein, causing Victim to reasonably fear imminent bodily

harm. [RP 102] The felon-in-possession conviction had to be supported by evidence that Defendant was a felon in possession of a firearm. [RP 104]

We conclude that there was sufficient evidence presented to support the convictions. Specifically, Victim testified that Defendant and another man forced their way into the residence while wearing bandanas over their faces. [MIO 2; DS 4-5] A third individual, a female, had gotten Victim to open the door. Once in the residence, Defendant and the other man drew firearms from their pants and told Victim to search for a "clip." Victim specifically described Defendant's gun. [MIO 2; DS 5] At some point, the other man became frustrated and threatened to physically harm Victim. [MIO 2-3; DS 5-6] Victim's testimony was also corroborated to some extent by Athena Menke, who had come to the residence with Defendant and the other man. [DS 6-7] There does not appear to be any dispute that evidence was presented showing Defendant's status as a felon. Defendant's conduct created a reasonable fear of imminent harm, even if the weapon was never directly pointed at Victim. Accordingly, we conclude that the evidence was sufficient to support the convictions.

**CUMULATIVE ERROR**

Defendant continues to raise a cumulative error claim. [MIO 10-11] "The doctrine of cumulative error requires reversal when a series of lesser improprieties

4

throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 29, 126 N.M. 132, 967 P.2d 807, *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, 141 N.M. 185, 152 P.3d 828. When there is no error, "there is no cumulative error." *State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211. Because we have held that there was no multiple error, we conclude that the cumulative error doctrine does not apply.

For the reasons stated in this opinion, we affirm.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**