**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39779**

| | | |
|---|---|---|
| BEAU E. HANSEN, | ) | 2013 Unpublished Opinion No. 346 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order denying motion for appointment of counsel, <u>affirmed</u>; judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Beau E. Hansen, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Beau E. Hansen appeals from the district court's order denying his motion for appointment of counsel and judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Hansen pled guilty to one count of aggravated battery and received a unified five-year sentence, with two years determinate. Hansen directly appealed his judgment of conviction and sentence, which this Court affirmed in an unpublished opinion. *State v. Hansen*, Docket No. 37325 (Ct. App. Feb. 10, 2011).

Thereafter, Hansen filed a petition for post-conviction relief alleging the State breached the plea agreement, his defense counsel gave ineffective assistance, and the criminal proceedings violated his right to a speedy trial. Hansen also filed a motion for appointment of counsel. After

1

the State filed an answer, the district court denied Hansen's motion for appointment of counsel and issued a notice of intent to dismiss the petition. Hansen filed a response and objection to the notice of intent to dismiss; however, the district court entered an order and subsequent judgment dismissing Hansen's petition. Hansen timely appeals,[1] asserting the district court erred by failing to appoint counsel and by dismissing his petition.

## II.

## DISCUSSION

### A. Appointment of Counsel

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. Idaho Code § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Idaho Code § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a

---

[1] Hansen's appeal was not filed within the forty-two-day time limit and the Idaho Supreme Court issued an order conditionally dismissing the appeal as untimely. However, Hansen filed an affidavit and prison mail log indicating the appeal was placed within the prison mail system within the time limit, and the Court, therefore, reinstated the appeal.

petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In looking at whether a petitioner alleges facts that raise the possibility of a valid claim, which would support an appointment of counsel, all inferences must run in favor of the petitioner. *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009). Whether an issue is possibly a valid claim is determined by considering if the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct further investigation into the claim. *Swader v. State*, 143 Idaho 651, 654-55, 152 P.3d 12, 15-16 (2007). "[A] pro se petitioner may be unable to present sufficient facts showing that his or her counsel's performance was deficient or that such deficiency prejudiced the defense. That showing will often require the assistance of someone trained in the law." *Id.* Thus, a court's consideration includes whether the appointment of counsel would have assisted a petitioner in conducting an investigation into facts not in the record. *Melton*, 148 Idaho at 342, 223 P.3d at 284. A question of whether the petitioner meets the "possibility of a valid claim" standard to support an appointment of counsel is different than a question about the potential success on the merit of the claims. *Swader*, 143 Idaho at 655, 152 P.3d at 16. For a question about the potential success on the merit of a post-conviction claim, the standard is whether a petitioner presents a genuine issue of material fact sufficient to survive summary dismissal. *See* I.C. § 19-4906(c). Showing the possibility of a valid claim is a decidedly lower threshold than establishing a genuine issue of material fact. *Judd v. State*, 148 Idaho 22, 24, 218 P.3d 1, 3 (Ct. App. 2009). We review each of Hansen's claims separately to determine if Hansen raised the possibility of a valid claim to support appointment of counsel.[2]

### 1. Breach of plea agreement

Hansen asserted the State breached the plea agreement in three ways. First, he alleged the State failed to dismiss a count of attempted strangulation charged in the original criminal case, resulting in a conviction for that count as well as aggravated battery. Second, Hansen

---

[2] We decline the State's invitation to dismiss this appeal, without reviewing the merits of Hansen's claims, due to Hansen's failure to apply the law within the authorities he cites to the facts of his case.

3

claimed the State recommended restitution in violation of the plea agreement. Third, Hansen alleged the State, in its argument at sentencing, referenced his past retained jurisdictions and involvement in treatment programs, suggesting--contrary to the agreed recommendation--that probation or a period of retained jurisdiction should not be considered by the court.

To support a finding that the State breached the plea agreement, Hansen cited a minute entry and order from the underlying criminal case, which referenced the entry of a judgment purporting to convict him of attempted strangulation, to prove the State failed to dismiss the count of attempted strangulation. However, the district court determined the document mistakenly identified attempted strangulation as the count to which Hansen pled guilty, and the court in the underlying criminal case corrected the mistake in a subsequent filing after Hansen's sentencing for aggravated battery.[3] Further, our unpublished opinion from Hansen's direct appeal, judicially noticed by the district court, demonstrates that Hansen's conviction was solely for aggravated battery. The district court found such evidence clearly disproved Hansen's claim that he was convicted of a second count in the underlying criminal case. Also, the district court specifically found that restitution was not addressed in the plea agreement and a restitution award was never granted by the court. Hansen's argument regarding a breach of the plea agreement based on the State's recommendation for restitution fails on these facts. As to the State's argument at sentencing, the district court determined that Hansen did not provide evidence that the State actually asked for anything other than retained jurisdiction, but that Hansen merely took issue with the manner in which the State argued at the sentencing hearing, which is not a basis for relief. As such, Hansen did not raise the possibility of a valid claim.

### 2. Ineffective assistance of defense counsel

Hansen asserted his defense counsel provided ineffective assistance because of counsel's failure to call Hansen as a witness at the preliminary hearing and failure to adequately investigate the case. Hansen argued his testimony, if presented, and other evidence (medical records and the victim's testimony), if adequately investigated, clearly showed a meritorious self-defense claim and conditions that did not support charging a felony battery.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct.

---

[3] The district court judicially noticed the document filed in the underlying criminal case that corrected the judgment, though it is not within the record on appeal.

App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Barcella*, 148 Idaho at 477, 224 P.3d at 544. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Id.* Even under the lower "possibility of a valid claim" standard on review of a failure to appoint counsel, we consider whether the petitioner can meet the two-part *Stickland* test where a petitioner alleges ineffective assistance of trial counsel. *See Gonzales*, 151 Idaho at 172, 254 P.3d at 73 (applying the *Strickland* test on a challenge to a denial of appointment of counsel where Gonzales alleged ineffective assistance of counsel).

The primary purpose of a preliminary hearing is simply to determine whether there is probable cause to believe a crime has been committed and that the defendant committed it, I.C. § 19-804; it is not to try the case and present a defense. The State need only provide substantial evidence on every material element of the offense charged, and probable cause may be met by use of circumstantial evidence and reasonable inferences to be drawn therefrom. *State v. Reyes*, 139 Idaho 502, 504, 80 P.3d 1103, 1105 (Ct. App. 2003). A finding of probable cause does not require proof beyond a reasonable doubt. *State v. Pole*, 139 Idaho 370, 372, 79 P.3d 729, 731 (Ct. App. 2003). With this in mind, Hansen did not allege or show in any manner how his testimony or other evidence would have prevented a finding of probable cause. Further, Hansen presented nothing to show that defense counsel's decision not to call Hansen to testify at the preliminary hearing was anything other than a reasoned tactical decision. Thus, as the district court found, Hansen provided no evidence showing any deficiency by defense counsel and did not raise the possibility of a valid claim.

### 3. Violation of the right to a speedy trial

Hansen claimed his right to a speedy trial was violated because the trial date was set more than six months from the date the charge was filed. He argued he did not cause any delays until

the date the trial was originally set. It is well-settled that a valid guilty plea waives the right to a speedy trial. *State v. Garcia*, 126 Idaho 836, 837, 892 P.2d 903, 904 (Ct. App. 1995). Having pled guilty, the district court found Hansen waived the right to challenge a violation of his speedy trial right. Accordingly, Hansen presented no possibility of a valid claim for relief based on an alleged violation of the speedy trial right.

**B.     Post-Conviction Claims**

Hansen did not present even the possibility of a valid claim and did not provide any additional evidence in response to the district court's notice of intent to dismiss that was substantially different from what he presented to support an appointment of counsel. Therefore, as the evidence did not meet the lower possibility of a valid claim standard, Hansen also did not raise any genuine issues of material fact.

## III.
## CONCLUSION

We conclude the district court did not err by denying Hansen's motion for appointment of counsel, as Hansen did not present the possibility of a valid claim, nor did the court err by summarily dismissing Hansen's petition for post-conviction relief based on Hansen's failure to raise any genuine issue of fact. Accordingly, we affirm the district court's order denying the motion for appointment of counsel and judgment summarily dismissing the post-conviction petition.

Judge LANSING and Judge MELANSON **CONCUR.**