**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44374**

| ALEXANDER SANTOS FAGUNDES, | ) | 2017 Unpublished Opinion No. 493 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 19, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Alexander Santos Fagundes appeals from his judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

Fagundes pled guilty to felony driving under the influence (DUI). I.C. § 18-8004. The district court sentenced Fagundes to a unified term of eight years, with a minimum period of confinement of two years. Fagundes did not appeal his conviction. Fagundes filed a petition for post-conviction relief alleging ineffective assistance of trial counsel. Specifically, Fagundes alleged that trial counsel failed to respond to Fagundes' requests for information, advise him of the consequences of pleading guilty, and interview witnesses. The only relief Fagundes sought was a reduction of his sentence. Fagundes requested appointment of post-conviction counsel. The district court denied Fagundes' request for post-conviction counsel on the basis that his

1

claims were frivolous and would not be brought by a person who would retain counsel. The district court's notice of intent to dismiss noted that Fagundes' allegations were conclusory and, for that reason, had no merit. The notice stated that, even assuming all of Fagundes' allegations were true, he was not entitled to relief because the only relief he sought could not be granted through a petition for post-conviction relief. Fagundes did not respond to the district court's notice of intent to dismiss, and the district court entered a judgment summarily dismissing Fagundes' petition for post-conviction relief. Fagundes appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125

Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

On appeal, Fagundes claims that the district court erred by failing to apply the proper standard in denying Fagundes' request for post-conviction counsel. Specifically, Fagundes asserts that the district court erred by applying the frivolousness standard, rather than analyzing whether the petition alleged facts showing the possibility of a valid claim. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014).

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman*, 140 Idaho at 493, 95 P.3d at 644. However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In determining whether allegations raise the possibility of a valid claim, the district court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims. *Swader v. State*,

4

143 Idaho 651, 654, 152 P.3d 12, 15 (2007). The petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims. *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001).

In this case, the district court determined that Fagundes' petition was "frivolous and not one that would be filed by a person who would retain counsel." However, the correct standard for evaluating a petitioner's request for appointment of counsel in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim. *Swader*, 143 Idaho at 653, 152 P.3d at 15. Here, however, the district court's application of the incorrect standard did not result in prejudice to Fagundes, who sought only a reduction of his sentence. An I.C.R. 35 motion is the proper vehicle to seek reduction of a sentence, and reduction of sentence is not a basis for post-conviction relief. *Williams v. State*, 113 Idaho 685, 687, 747 P.2d 94, 96 (Ct. App. 1987). Accordingly, the judgment summarily dismissing Fagundes' petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.