**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45034**

| | |
|---|---|
| THOMAS FERNANDEZ, | ) |
| | ) **Filed: July 13, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order denying motion for appointment of counsel, <u>affirmed</u>; judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Thomas Fernandez appeals from the district court's judgment and order dismissing Fernandez's petition for post-conviction relief. Fernandez argues the district court abused its discretion by applying an incorrect legal standard when denying his motion for appointment of post-conviction counsel. The district court's denial of Fernandez's motion for appointment of counsel is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This Court previously stated the underlying facts of Fernandez's case as follows:

Fernandez was stopped for failing to obey a stop sign. The officer noticed that Fernandez appeared nervous, had bloodshot and watery eyes, mumbled while he spoke, and smelled of alcohol. When asked, Fernandez stated that he consumed alcohol the night before. Initially, Fernandez did not want to take the

1

breath test because he thought he may blow over the legal limit because of his diabetes and liver problems. He later agreed to submit to the breath test; the results for the two samples were .169/.171. Fernandez was charged with driving under the influence of alcohol, a felony because he had two prior felony convictions for driving under the influence within the previous fifteen years. The State also sought a persistent violator enhancement.

Fernandez pleaded not guilty and hired an expert to challenge the accuracy of the breath test. The expert witness indicated in his initial report that he would offer testimony about the accuracy of the Intoxilyzer 5000 and how diabetes and gastro-esophageal reflux disease (GERD) could negatively affect Fernandez's breath test results. The State filed a motion in limine to prevent the expert witness from testifying on those subjects.

After a hearing, the district court granted the motion in limine. The district court found that Fernandez proffered no evidence showing: that Fernandez's blood sugar levels were elevated at the time of the stop or before or during the breath test; that Fernandez was in a state of ketoacidosis at the time of the breath test; that Fernandez had a medical diagnosis of GERD; that Fernandez was experiencing acid reflux during or before the administration of the breath test; or that Fernandez had unabsorbed alcohol in his stomach.

*State v. Fernandez*, Docket No. 42370 (Ct. App. Nov. 19, 2015) (unpublished). Thus, the district court held the expert witness testimony was not relevant without proof that Fernandez experienced high blood sugar levels, ketoacidosis, GERD, acid reflux, or had unabsorbed alcohol in his stomach.

Fernandez then entered a conditional guilty plea to felony driving under the influence of alcohol and the persistent violator enhancement. On appeal, this Court affirmed Fernandez's judgment of conviction and order granting the State's motion in limine. *Id.* Fernandez then filed a petition for post-conviction relief together with a motion for appointment of counsel. In his petition, Fernandez argued his trial counsel rendered ineffective assistance by failing to sufficiently investigate his case and interview available witnesses. If trial counsel had, Fernandez argued, trial counsel would have called a witness that could testify to Fernandez's medical condition at the time of the breath tests in order to lay the necessary foundation for the excluded expert witness's testimony. The district court denied the motion for appointment of counsel and gave notice of its intent to dismiss Fernandez's petition. After receiving Fernandez's response to the district court's notice of intent to dismiss, the district court dismissed Fernandez's petition. Fernandez timely appeals.

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed

counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id.*

In determining whether to appoint counsel pursuant to Idaho Code § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of trial. It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

3

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

## III.

## ANALYSIS

Fernandez argues the district court abused its discretion by applying an incorrect legal standard in order to deny him post-conviction counsel. Specifically, Fernandez asserts the district court relied on I.C. § 19-852 instead of I.C. § 19-4904 in reaching its decision. Additionally, Fernandez contends the district court failed to recognize the reason Fernandez could not provide sufficient facts in his petition for post-conviction relief was that his incarceration prevented him from conducting an investigation.

### A.    The District Court Did Not Rely on the Incorrect Legal Standard

First, we address the district court's reliance on I.C. § 19-852. Within its notice of intent to dismiss Fernandez's petition, the district court addressed Fernandez's motion for appointment of counsel. The district court began its analysis by stating the standard for appointing post-conviction counsel: sufficient facts that show the possibility of a valid claim requiring further investigation. It then stated that some claims are so patently frivolous that they cannot possibly be developed into a valid claim meriting further investigation. The district court continued, quoting a passage from *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004) that cited I.C. § 19-852, which defines a non-frivolous claim as one "that a reasonable person with adequate means would be willing to bring at his own expense." The district court concluded Fernandez's petition for post-conviction relief was frivolous because it provided "no facts or admissible evidence in support of his claims. Given the lack of factual support, the Court can detect no possibility of a valid post-conviction claim."

While it is true that I.C. § 19-852 no longer provides the correct standard with which to decide whether counsel should be appointed on post-conviction, *Swader v. State*, 143 Idaho 651, 653, 152 P.3d 12, 14 (2007), the district court's conclusion shows it relied on the correct standard which interprets I.C. § 19-4904 to allow a court to deny a request for counsel when it cannot detect the possibility of a valid post-conviction claim, *Charboneau*, 140 Idaho at 793, 102

4

P.3d at 1112. Therefore, the district court did not abuse its discretion because it relied on the correct legal standard applicable to the appointment of post-conviction counsel.

**B.     The District Court Correctly Concluded Fernandez's Inability to Gather Evidence Was Not Because Fernandez Was Incarcerated, but Because the Evidence Did Not Exist**

Second, we address Fernandez's claim that the district court did not consider Fernandez's need for appointed counsel to conduct an investigation and gather factual information for his petition because he was incarcerated. In *Swader*, the Idaho Supreme Court evaluated a similar claim. *Swader*, 143 Idaho at 654, 152 P.3d at 15. There, the Court provided two reasons for why petitioners, generally, may fail to allege facts sufficient to support a valid claim in their petitions for post-conviction relief: (1) because the necessary facts simply do not exist; or (2) because the petitioner is unable to conduct an adequate investigation to obtain those facts because of the petitioner's incarceration. The Court held that when deciding a motion for appointment of post-conviction counsel,

> the trial court must do more than determine whether the petition alleges a valid claim. The court must also consider whether circumstances prevent the petitioner from making a more thorough investigation into the facts. An indigent defendant who is incarcerated in the penitentiary would almost certainly be unable to conduct an investigation into facts not already contained in the court record.

*Id.* The Court continued, "Therefore, the trial court should appoint counsel if the petition alleges facts showing the possibility of a valid claim such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claim." *Id.* at 655, 152 P.3d at 16. The Court found the petitioner's allegation--that the jailor's wife, who was a juror in the trial, was negatively influenced by the jailor--was one that a reasonable person with adequate means would be willing to retain counsel to investigate. *Id.* at 654, 152 P.3d at 15. Thus, the Court held the district court should have appointed counsel to investigate petitioner's post-conviction claim. *Id.* at 655, 152 P.3d at 16. In particular, the Court noted that the petitioner, because of her incarceration, did not have a reasonable opportunity to investigate her allegation. *Id.* at 654, 152 P.3d at 15

Of course, counsel should not be appointed in order to search the record for possible nonfrivolous claims. *Id.* Indeed, the authorization of post-conviction discovery is a discretionary determination and "'[f]ishing expedition' discovery should not be allowed." *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006). A post-conviction

5

action is not "a vehicle for unrestrained testing or retesting of physical evidence introduced at the criminal trial." *Id.* Thus, where a petitioner does not show any probability that further examination, testing, or investigation would yield exculpatory evidence to protect the petitioner's substantial rights, a district court is well within its discretion to deny post-conviction discovery. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001); *Murphy*, 143 Idaho at 148, 139 P.3d at 750.

Here, Fernandez contends the district court abused its discretion when it denied Fernandez's motion for appointment of counsel without mentioning how Fernandez's incarceration prevented him from conducting an investigation to yield facts for his post-conviction petition. The record shows that the district court did not address how Fernandez's incarceration affected his ability to gather facts. However, assuming arguendo that this amounts to an incomplete or incorrect application of the relevant legal standard, where the district court applies an incorrect legal standard when denying a motion for court-appointed counsel, this Court will simply review the petition and determine, under the correct legal standard, whether or not the appointment of counsel is appropriate. *See Swader*, 143 Idaho at 653, 152 P.3d at 14. As shown below, had the district court addressed Fernandez's incarceration, the district court would have concluded that it was not the cause of Fernandez's inability to gather necessary facts.

Additionally, we conclude that this error was harmless. *See Stoddard*, 105 Idaho at 171, 667 P.2d at 274. Although Fernandez's incarceration did prohibit him from conducting a full investigation, appointed counsel, through investigation and further discovery, would be unable to yield the evidence Fernandez seeks to support his petition's ineffective assistance of counsel claim: evidence that, at the time Fernandez took the breath tests, he was afflicted with high blood sugar levels, ketoacidosis, GERD, acid reflux, or had unabsorbed alcohol in his stomach, which Fernandez needed in order to lay foundation for the excluded expert witness to testify.

In its notice of intent to dismiss Fernandez's petition, the district court stated that Fernandez had failed to provide any evidence to support his petition that at the time of the breath tests, Fernandez was experiencing high blood sugar levels, ketoacidosis, GERD, acid reflux, or had unabsorbed alcohol--the same reason for which the district court granted the State's motion in limine to exclude Fernandez's expert witness. Fernandez's failure to provide this factual information is not surprising--it appears the information simply does not exist. Fernandez stated in his response to the district court's notice of intent to dismiss that "law enforcement did not

6

preserve or collect evidence of the medical condition in which the Petitioner was in at the time," specifically noting he never received a medical diagnosis or medical tests. Further, Fernandez makes no allegation that other medical records exist or that further investigation would reveal medical records describing his condition at the time of the breath tests. Certainly, were counsel appointed, counsel would not be able to obtain a retrospective diagnosis of any medical condition occurring at the time Fernandez took the breath tests because no medical evidence was collected.

Fernandez's inability to gather the relevant factual information is not due to his incarceration, but rather due to the fact that no medical evidence exists because it was not collected or preserved--there is nothing an expert can review. While Fernandez's trial counsel retained experts to testify about the accuracy of the breath tests in light of Fernandez's medical conditions, there was no medical evidence offered that Fernandez was experiencing any of those conditions or symptoms of those conditions at the time Fernandez participated in the breath tests. Fernandez concedes no medical evidence was collected at the time of his breath tests, thus, Fernandez has not shown that if counsel were appointed, counsel could discover the underlying facts necessary to support his ineffective assistance of counsel claim. Since the evidence does not exist, Fernandez cannot show that appointed counsel could viably develop Fernandez's ineffective assistance of counsel claim. Thus, the district court did not abuse its discretion by denying Fernandez's motion for appointment of counsel or in dismissing the petition.

## IV.

## CONCLUSION

Fernandez has not provided factual support to show that appointed counsel could develop a viable claim of ineffective assistance of counsel. Thus, the district court did not abuse its discretion when it denied Fernandez appointed counsel. The district court's judgment and order dismissing Fernandez's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.