**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 49076**

| | |
|---|---|
| RYAN ANTHONY TATARA, | ) |
| | ) **Filed: November 4, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

A jury found Ryan A. Tatara guilty of aggravated assault, Idaho Code §§ 18-901(b), 18-905(a)(b); and a persistent violator enhancement, I.C. § 19-2514. Tatara filed a petition for post-conviction relief which the district court summarily dismissed. Tatara appeals asserting the district court erred by summarily dismissing his petition without appointing counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While in a convenience store, Tatara was allegedly threatening and swinging a wine bottle at the clerk. At trial, the clerk testified that Tatara tried to hit him with the wine bottle. After the clerk took the wine bottle, he wrestled Tatara to the ground. Tatara hit, kicked, and bit the clerk.

1

Law enforcement arrested Tatara and charged him with aggravated assault.[1]  A jury found Tatara guilty of aggravated assault and being a persistent violator based on two prior convictions.

Tatara timely filed a pro se petition for post-conviction relief alleging ineffective assistance of trial counsel.  As relevant here, Tatara asserted that trial counsel was ineffective for failing to respond to the requests Tatara made in various letters and failing to discover and address evidence not previously presented that would require vacation of the conviction or of the sentence.  Tatara requested appointment of post-conviction counsel.

The district court issued a notice of intent to summarily dismiss Tatara's petition for post-conviction relief without appointing counsel.  Tatara objected to the notice.  The district court denied the request for appointment of counsel and summarily dismissed Tatara's petition.  Tatara timely appeals.

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal.  I.C. § 19-4904.  The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court.  *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014).  When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case.  *Id*.  The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits.  *Id*.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner.  *Grant*, 156 Idaho at 603, 329 P.3d at 385.  In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete.  *Id.*  Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim.  *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel.  *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App.

---

[1]    Tatara was also charged with various misdemeanors which are not at issue in this appeal.

2004).  However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts.  *Grant*, 156 Idaho at 603, 329 P.3d at 385.

## III.

## ANALYSIS

Tatara claims that the district court erred by summarily dismissing his petition for post-conviction relief without appointing him an attorney.  Specifically, Tatara asserts that the allegations in his petition, along with the clarification he offered in his response to the district court's notice of intent to dismiss his petition, were sufficient to raise the possibility of a valid claim of ineffective assistance of counsel.  Tatara argues that counsel should have been appointed for claims that:  (1) the existence of material facts not previously presented demonstrating innocence or substantial doubt or reliability of guilt, requiring vacation of his conviction; and (2) the existence of related letters he wrote to counsel, copies of which he has been unable to obtain and as to which appointment of counsel was necessary to obtain.  The district court found that Tatara was not entitled to the appointment of counsel and summarily dismissed the petition for post-conviction relief.  We affirm.

### A.    Evidence of Innocence or Substantial Doubt of Guilt

Tatara asserts that the district court erred in determining that he failed to raise the possibility of a valid claim regarding the existence of evidence of innocence or substantial doubt of guilt and ineffective assistance of counsel relative thereto.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at

3

442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992); *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008).

In his petition for post-conviction relief, Tatara alleged, in the portion of the petition addressing ineffective assistance of counsel, that "there exists evidence of material facts not previously presented and heard that would require the vacation of the conviction or sentence." Tatara did not identify any such evidence. Instead, in his affidavit he discussed only a date stamp issue with respect to the officer's body camera video and a discussion with counsel regarding the persistent violator charge, neither of which he advances on appeal. The district court, in its notice of intent to dismiss, found that Tatara failed to include or identify any evidence not previously presented or what evidence he believed counsel should have discovered but did not. In response, again, Tatara did not identify any alleged exculpatory evidence but, instead, argued that the evidence presented at trial showed only a minor assault because "there is no video of any threats or 'swinging' of a wine bottle" and the victim testified that he took the wine bottle from Tatara before Tatara left the store. The district court determined that Tatara failed to identify any evidence not previously presented that would support his claim of innocence or ineffective assistance of counsel and, therefore, failed to show the possibility of a valid claim.

We agree with the district court. Tatara's mere allegation of the existence of unspecified exculpatory evidence does not raise the possibility of a valid claim of innocence or substantial doubt as to guilt. Nor does such bare allegation raise the possibility of a valid claim of ineffective assistance of counsel in failing to discover and present the alleged unspecified exculpatory evidence. Alleging exculpatory evidence exists without evidence of what it is or where it is found does not present the possibility of a valid claim. Tatara does not allege what investigation should have been done; what evidence would have been discovered through an investigation; or any new evidence supporting a finding of innocence.

4

Aside from the alleged existence of letters to counsel, addressed below, Tatara identified no exculpatory evidence in the district court. On appeal, Tatara attempts to piece together portions of the petition, his response to the district court's notice of intent to dismiss, and the trial record to recast his claim from an assertion that no video shows him swinging a bottle at the clerk to a claim that there exist unpresented videos that conclusively show he did not swing a bottle at the clerk. On appeal, Tatara argues that, taken together, those assertions indicate that he was alleging that there were surveillance videos showing he did not, in fact, "swing[] the wine bottle at" the clerk as the State alleged; he had no opportunity to do so after he left the store; and he had instructed counsel to look into that evidence to show his innocence. Tatara claims that the officer's body camera video shows the officer reviewing footage of three store video feeds, but the computer display shows two additional feeds. Tatara's argument on appeal was not presented to the district court. In addition, the argument is based on speculation and does not raise the possibility of a valid claim of innocence or ineffective assistance of counsel.

**B.      Letters to Counsel**

Tatara alleges ineffective assistance of counsel because counsel did not respond to requests made in Tatara's letters. More specifically, on appeal, Tatara alleges that he wrote letters to counsel that may illuminate his claims of ineffective assistance of counsel; he has been unable to obtain copies of such letters; and the appointment of post-conviction counsel is necessary to secure copies of the letters.

Tatara alleged in his petition that counsel did not respond to requests made in his letters based on Tatara's "research" and that he had conversations with his counsel regarding his criminal case which shows ineffective assistance of counsel. Tatara relies on *Swader v. State*, 143 Idaho 651, 152 P.3d 12 (2007). In *Swader*, Swader alleged that the jailer disclosed to her that the jailer's wife had been on Swader's jury. *Id.* at 654, 152 P.3d at 15. Swader claimed that her incarceration prevented her from investigating whether the jailer and his wife communicated about Swader or the case. *Id.* The *Swader* Court stated that a trial court should consider circumstances, including that "an indigent defendant who is incarcerated in the *penitentiary* would almost certainly be unable to conduct an investigation into facts not already contained in the court record." *Id.* (emphasis added). Based upon the specific allegation of potential juror misconduct, the Court held that a person in Swader's position, with reasonable means, would be willing to retain counsel to investigate. *Id.*

5

*Swader* is distinguishable. *Swader* involved a specific claim, based on specific evidence from the jailer, of potential improper juror communication. That claim supported the appointment of counsel. Tatara made no such specific claim. Tatara claims the existence of letters he wrote to counsel including requests to which counsel did not respond. Aside from a general allegation that the letters support his claims in his petition, Tatara provided the district court with no specificity as to how the letters relate to his claims. Moreover, *Swader* is distinguishable because Tatara was privy to the contents of the letters as he allegedly wrote them. Yet, he failed to make any specific claim as to the contents or what relevant evidence might be obtained. Tatara's bare allegation that he wrote unspecified letters to counsel to which counsel did not respond is insufficient to show the possibility of a valid claim.

Because of the lack of any specificity regarding the content of the letters, the district court surmised that the affidavit perhaps raised an argument that Tatara thought the persistent violator statute did not apply to him, which was inaccurate, but did not assert what else would come from reviewing the letters. The district court concluded "the inability to retrieve those letters does not relieve [Tatara's] burden of raising a claim that is not merely conclusory and that would justify relief," or allow appointment of appellate counsel to search the letters for any possible claims.

## IV.
## CONCLUSION

The district court did not err in denying Tatara's motion for appointment of counsel or in summarily dismissing Tatara's petition for post-conviction relief. The district court's judgment summarily dismissing Tatara's petition for post-conviction relief and denying appointment of counsel is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

6